## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **NICOLAS BUCCIARELLI,** <br><br> **Defendant.** | **Case No. 21–cr–00506–ESK** <br><br><br> **OPINION** <br><br><br> **Case No. 21–cr–00507–ESK** |
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **NICOLAS BUCCIARELLI,** <br><br> **Defendant.** |  |

**KIEL, U.S.D.J.**

**THESE MATTERS** are before the Court on defendant's motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (Compassionate Release Motion) (ECF No. 82 (Mot. Br.))[1] and motion to expedite review of the Compassionate Release Motion (Expedite Motion) (ECF No. 83). [2] The government filed opposition to the Compassionate Release Motion. (ECF No. 90 (Opp'n.).) Defendant filed a reply to the opposition. (ECF No. 91 (Reply).) For the following reasons, the motions are DENIED.

---

[1] Citations to ECF Nos. are under Case No. 21–cr–00507, unless noted. Defendant filed identical papers in support of a Compassionate Release Motion and Expedite Motion under Case No. 21–cr–00506. Defendant also filed a supplement and corrected supplement (Supplemental Motions) to the Compassionate Release Motion. (ECF Nos. 85, 87).

[2] These cases were reassigned to me after the Expedite Motion was filed. (ECF No. 84; Case No. 21–cr–00506, ECF No. 50.)

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On February 18, 2022, defendant pleaded guilty under Case No. 22-cr-00507 to: violent crime in aid of racketeering (assault with a dangerous weapon) in violation of 18 U.S.C. § 1959(A)(3) (Count One); possession of a firearm by a convicted felon on June and July of 2020 in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possession of a firearm by a convicted felon on September 1, 2020 in violation of 18 U.S.C. § 922(g)(1) (Count Four).   (ECF No. 79.) Defendant also pleaded guilty under Case No. 22-cr-00506 to five counts of distribution and possession with intent to distribute, methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.   (Case No. 21-cr-00506, ECF No. 45.)

At the plea hearing, defendant recounted the factual basis for his guilty plea.   In August 2020, defendant was the sergeant-at-arms for the Camden County membership chapter of the Pagans Motorcycle Club.   (ECF No. 80 p. 38.)   On August 19, 2020, at a meeting at the Pagan's clubhouse, defendant struck "Victim 1" with a dangerous instrument, which was described as a cane, and threatened Victim 1 with a firearm.   (*Id.* p. 39.)

Additionally, at the plea hearing, defendant admitted that he sold more than five grams of methamphetamine knowingly and intentionally on five occasions in June and July 2019.   (*Id.* p. 36.)   Defendant also admitted that he knowingly possessed multiple firearms, although he had previously been convicted of possession with intent to distribute narcotics in the Superior Court of New Jersey on May 3, 1996.   (*Id.* p. 36, 37.)

On August 19, 2022, District Judge Noel L. Hillman (ret.) sentenced defendant to a term of incarceration of 96 months.   (ECF No. 79.)

## II.    DISCUSSION

Once a term of imprisonment has been imposed, the Court may only modify it under very limited circumstances.   *In re Morris*, 345 F. App'x 796,

2

797–98 (3d Cir. 2009) (citing § 3582(c)).    Relevant here is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"[U]nder the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10-0434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).    The parties do not dispute that defendant has "exhausted [administrative] remedies before seeking judicial review." *See Sellers*, 2020 WL 1972862, at *1; *see also* (Mot. Br. pp. 10,11; Opp'n. p. 3.)

## A.    <u>Compelling and Extraordinary Reasons</u>

A defendant may show extraordinary and compelling reasons for release because of the "family circumstances of the defendant." U.S.S.G. § 1B1.13(b)(3).    Defendant seeks relief for his family circumstances because of "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."    U.S.S.G. § 1B1.13(b)(3)(C).

Here, I agree with defendant that compelling and extraordinary reasons exist. He claims that he is the only caregiver for his 84-year-old mother, Catherine Marie Valente. (Mot. Br. p. 1.) Michael J. Hurchik, D.O., who has treated Ms. Valente for three years, provides the following diagnosis and prognosis:

> [Ms. Valente] suffers from multiple conditions which limit her ADLs and iADLS. She possesses a history of Hypertension, Diabetes Mellitus Type II (Taking Januvia) Hypothyroidism (Taking Synthroid). Major Depression (Taking Lexapro and Mirtazapine), Severe Bilateral Knee Arthritis, and Multilevel and Multifactorial Lumbar and Cervical Degenerative Disease. Her Hearing Loss is Profound. Without Someone to Care for Her Who is Hearing Abled, She Can Be in Great Danger Being on Her Own. Catherine's Severe balance and Mobility Issues Limit ALL of her Activities of Daily Living. … [Ms. Valente] Requires around the clock Care and would Greatly benefit from Care in her Own Home.

(*Id.* pp. 34, 35.)

Catherine Henry, defendant's sister, claims that Ms. Valente has no living siblings, and that she is unable to care for Ms. Valente due to her own health issues and because she resides 96 miles away from Ms. Valente's home. (*Id.* pp. 27–29.) Joseph Valente, defendant's brother, is unable to care for Ms. Valente because he lives 60 miles from his mother's home and is unable to move to Philadelphia where his mother resides because of his adolescent children's schooling. (*Id.* pp. 31, 32.) Tina Vesella, defendant's cousin who had been taking care of Ms. Valente, claims that she is no longer able to care for Ms. Valente after Ms. Vesella fell last August, resulting in a torn rotator cuff that will require surgery. (*Id.* p. 37.) Vesella will require her own caregiver due to "myasthenia gravis," which is a chronic disease that leads to "double vision, muscle weakness, constant fatigue, and intervals of muscle pain throughout" her body. (*Id.*) Based on the evidence submitted by defendant, there appears

be "extraordinary and compelling reasons" that satisfy U.S.S.G. §1B1.13(b)(3)(C).

### B.    Sentencing Factors

I must also consider whether the §3553(a) factors weigh in favor of defendant's release.    18 U.S.C. §3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).    The factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; ... [and]
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range established for [] the applicable category of offense;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities;
>
> (7) the need to provide restitution to any victims of the offense

28 U.S.C. §3553(a).

I conclude that the §3553 factors weigh against granting the Compassionate Release Motion.    First, the nature and circumstances of the offenses are extremely serious and concerning.    Judge Hillman noted that defendant's "acts ... are some of the most serious crimes" that he had ever encountered during his time as a judge.    (ECF No. 81 p.41.)    Defendant was

part of the leadership—as the enforcer—of a chapter of a violent motorcycle club that "enforced its rules through violence, and … engage[d] in substantial organized criminal activity." (*Id.* p. 42.)   As the sergeant-at-arms of the club and the person responsible for meting out punishment, defendant violently assaulted Victim 1 with a cane and threatened him with a firearm.   (ECF No. 80 p. 39.)   Defendant's criminal activity also involved the distribution of methamphetamine and firearms, including "ghost guns."   (ECF No. 81 p. 44.) The nature and circumstances of the offenses weigh against granting the Compassionate Release Motion.

Judge Hillman also considered defendant's history and characteristics, the need for specific and general deterrence, the sentencing guidelines, and the need for unwarranted sentencing disparities in imposing a sentence of 96 months of incarceration.   (*Id.* pp. 42–57.)   This sentence was on the top-end of the applicable, advisory sentencing guidelines but at the bottom of the agreed-to stipulated sentencing range.   (Opp'n. p. 2.)   I agree with Judge Hillman's thoughtful analysis of these § 3553 factors and imposition of the 96-month sentence.

Although there maybe extraordinary and compelling reasons that satisfy U.S.S.G. § 1B1.13(b)(3)(C), the weighing of the § 3553 factors warrants denial of the Compassionate Release Motion.   The Expedite Motion will be denied, as moot.

### III.  CONCLUSION

The Compassionate Release Motion and the Supplemental Motions in each case are DENIED.   The Expedite Motion in each case is DENIED as moot. An Order will accompany this Opinion.


                                        */s/ Edward S. Kiel*
                                      **EDWARD S. KIEL**
                                      **UNITED STATES DISTRICT JUDGE**

Date: April 11, 2025